UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE HAGAN,<br><br>          Plaintiff,<br><br>   v.<br><br>BRONISLAVA BOGATOVA, et al,<br><br>          Defendants. | No. 2:17-cv-1219 MCE DB PS<br><br><br><br>ORDER |

This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's complaint and request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The complaint alleges that defendants Bronislava Bogatova, Vera Rudnitskiy, and Yakov Bogatov conspired to fraudulently accuse plaintiff of the unauthorized use of credit cards. The complaint also alleges that defendant Discover Card Services refused to investigate plaintiff's complaints related to those fraudulent allegations.

**I.  Plaintiff's Application to Proceed In Forma Pauperis**

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The undersigned finds that plaintiff's in forma pauperis application makes the showing required by the statute. (ECF No. 2.) Accordingly, plaintiff's request to proceed in

forma pauperis will be granted.

However, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

**II.    Plaintiff's Complaint**

    **A.    Allegations**

Plaintiff's complaint alleges, essentially, as follows. In 2003, plaintiff "Quit Claimed" her home to her mother, defendant Bronislava Bogatova, and defendant Bogatova agreed to pay

plaintiff half of any future proceeds from the sale of that home. (Compl. (ECF No. 1) at 5.) In 2010, Bogatova sold the home and kept plaintiff's portion of the proceeds "with the agreement and understanding that Bronislava Bogatova" would make plaintiff an authorized user of Bogatova's "Citi Credit card and Discover Credit Card." (Id.) On November 22, 2015, plaintiff's aunt, defendant Vera Rudnitskiy, told an unidentified third party that Rudnitskiy "would conspire" with plaintiff's mother, defendant Bogatova, and plaintiff's brother, defendant Yakov Bogatov, "to file fraudulent fraud allegations" against plaintiff "for using Bronislava Bogatova's credit cards." (Id. at 8.)

"Between January 2016 and June 2016," defendants Rudnitskiy, Bogatova, and Bogatov, filed "fraudulent fraud allegations" against plaintiff. (Id. at 9.) "In late May and early June of 2016, [plaintiff] discovered that fraudulent fraud allegations were filed . . . with Discover Card Services and Citi Credit Cards." (Id.) Citi Credit Cards "did a competent and diligent investigation" and determined that defendant Bogatova "not only knew that [plaintiff] had Citi Credit card but also paid it from her own bank account." (Id.)

Defendant Discover Card Services, ("Discover"), however, refused to perform "competent investigations," "reversed all the charges to the vendors as fraudulent," and retained plaintiff's payments for the charges "because they were fraudulent." (Id. at 9.) Moreover, defendant Discover, "willfully and negligently" continued to furnish inaccurate credit information about plaintiff. (Id. at 11.)

**B.    Jurisdiction**

Based on the above allegations, the complaint asserts causes of action for the violation of the Fair Credit Reporting Act, ("FCRA"),15 U.S.C. § 1681 *et seq.*, against defendant Discover, as well as several state law causes of action against all of the defendants. The complaint asserts that the court has jurisdiction over the state law causes of action "pursuant to 28 U.S.C. § 1367." (Compl. (ECF No. 1) at 2.)

28 U.S.C. § 1367 grants district courts supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "Nonfederal

3

claims are part of the same 'case' as federal claims when they 'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) (quoting Finley v. United States, 490 U.S. 545, 549 (1989); cf. Lyon v. Whisman, 45 F.3d 758, 761 (3rd Cir. 1995) ("we have refused to exercise supplemental jurisdiction over state claims totally unrelated to a cause of action under federal law").

Here, the nonfederal claims asserted against defendants Rudnitskiy, Bogatova, and Bogatov, ("individual defendants"), concern different alleged wrongs, are asserted against different defendants, involve different evidence, and different witnesses than the federal claim asserted against defendant Discover. In this regard, the nonfederal claims asserted against the individual defendants concern the individual defendants' alleged conspiracy and fraudulent reporting of unauthorized use of credit cards. The federal claim asserted against defendant Discover, however, concerns Discover's investigation of plaintiff's credit dispute and reporting of plaintiff's credit information with respect to the requirements of the FCRA. Stated simply, whether the individual defendants conspired to fraudulently report plaintiff's unauthorized credit card use is of no relevance to whether defendant Discover complied with the requirements of the FCRA.

In this regard, it appears that the complaint's nonfederal claims against the individual defendants do not derive from a common nucleus of operative facts as the federal claim.[1] See Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 456 (11th Cir. 1996) (finding there was not "a sufficient nexus between the federal and state causes to support supplemental jurisdiction"); Soliday v. Miami County, Ohio, 55 F.3d 1158, 1165 (6th Cir. 1995) ("Plaintiff's remaining claims accuse Miami County and two of its employees at the jail of being deliberately indifferent to Perkins' serious medical needs. Plaintiff's state law claim against Meeker deals with various statutory provisions regarding the duties of coroners. The District Court did not abuse its

---

[1] The complaint also asserts nonfederal claims against defendant Discover, however, those claims appear to derive from a common nucleus of operative facts as the federal claim.

discretion in refusing to hear that claim."); Lyon, 45 F.3d at 763 ("In these circumstances it is clear that there is so little overlap between the evidence relevant to the FLSA and state claims, that there is no 'common nucleus of operative fact' justifying supplemental jurisdiction over the state law claims."); Valles v. Pima County, 642 F.Supp.2d 936, 945 (D. Ariz. 2009) ("This is not a case in which a plaintiff has alleged both a federal and a state law claim against a defendant whose singular conduct violated the laws of both jurisdictions. Nor is this a case in which numerous defendants are alleged to have worked in concert to commit acts which caused indivisible harm, proof of which establishes liability under both federal and state law."

Moreover, Rule 20(a)(2) of the Federal Rules of Civil Procedure provides for permissive joinder of defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Even if these conditions are met, joinder is not mandatory and the Court may order separate trials to protect any party against embarrassment, delay, expense, or other prejudice." On The Cheap, LLC v. Does 1-5011, 280 F.R.D. 500, 502 (N.D. Cal. 2011).

Here, it does not appear that the complaint asserts a right to relief with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, or that a question of law or fact common to all defendants will arise in the action. In this regard, the action and legal wrongs asserted against defendant Discover are distinct from those asserted against the individual defendants. Moreover, the complaint alleges that the individual defendants are residents of South Carolina and Washington. (Compl. (ECF No. 1) at 2-3.) Those defendants would, therefore, be required to travel to this state to defend this action resulting in considerable expense.

**C.     Claims**

In addition to the jurisdictional issue addressed above, some of the complaint's claims asserted against the individual defendants fail to state a claim upon which relief can be granted. In this regard, the complaint asserts a claim for the invasion of privacy. (Compl. (ECF No. 1) at

14.) California common law generally recognizes four types of acts that can give rise to a claim of invasion of privacy: "(1) intrusion into private matters; (2) public disclosure of private facts; (3) publicity placing a person in a false light; and (4) misappropriation of a person's name or likeness." Hill v. Nat'l Collegiate Athletic Ass'n, 7 Cal.4th 1, 24, 26 Cal.Rptr.2d 834, 865 P.2d 633, 647 (Cal. 1994); accord Forsher v. Bugliosi, 26 Cal.3d 792, 808 (1980) ("Our courts have dealt with four distinct factual settings under the heading of invasion of privacy.").

A claim for the invasion of privacy based on the public disclosure of private facts must allege: "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." Shulman v. Grp. W Prods., Inc., 18 Cal.4th 200, 214 (Cal. 1998) (internal quotation marks omitted). An invasion of privacy claim may also allege "intrusion." Shulman, 18 Cal.4th at 230-31. "[O]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Miller v. Nat'l Broad. Co., 187 Cal.App.3d 1463, 1482 (1986) (emphasis omitted). A cause of action for intrusion "has two elements: (1) intrusion into a private place, conversation, or matter, (2) in a manner highly offensive to a reasonable person." Shulman, 18 Cal.4th at 231.

Here, the complaint fails to allege any facts in support of an invasion of privacy claim. The complaint also attempts to allege a conspiracy claim. (Compl. (ECF No. 1) at 33.) In support of that allegation, the complaint asserts that "[o]n some date prior to May 2016," the individual defendants "hatched the plan to contact" defendant Discover and inform Discover "that the cards that were issued to Plaintiff as an authorized user were issued fraudulently." (Id.)

Plaintiff is advised that "[l]iability for civil conspiracy generally requires three elements: (1) formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of a conspiracy." Davenport v. Litton Loan Servicing, LP, 725 F.Supp.2d 862, 881 (N.D. Cal. 2010). "[B]are assertion of conspiracy" and a "conclusory allegation of agreement at some unidentified point" will not suffice to state a cognizable claim under federal pleading standards. Twombly,

550 U.S. at 556-57; Davenport, 725 F.Supp.2d at 881 (plaintiff's conclusory allegation that defendants "agreed to hoodwink her with an unconscionable loan" did not state a cognizable conspiracy cause of action). Moreover, a claim of "a conspiracy to commit fraud must satisfy the particularity requirement of Rule 9(b)." Facebook, Inc. v. MaxBounty, Inc., 274 F.R.D. 279, 286 (N.D. Cal. 2011) (quotation omitted). A pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how" of the misconduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff may proceed now to serve defendant Discover Card Services, as set forth below, and pursue the complaint's claims against only that defendant. Alternatively, plaintiff may forgo serving defendant Discover Card Services, and attempt to amend the complaint.

3. **If plaintiff elects to amend the complaint to address the issued noted above, plaintiff has twenty-eight days so to do**, and shall skip the following service instructions (Nos. 4-10). Plaintiff is not obligated to amend the complaint. However, if plaintiff does so, the amended complaint will also be subject to screening.[2]

4. **If plaintiff elects to proceed against defendant Discover Card Services alone**, then within twenty-eight days, plaintiff must return the materials for service of process that are enclosed with this order, as described below. In this event the court will construe plaintiff's election as consent to the dismissal of all claims against defendants Bogatova, Rudnitskiy, and Bogatov without prejudice.

---

[2] Plaintiff is reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

5. Service is appropriate for the following defendant: Discover Card Services.

6. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

7. The Clerk of the Court shall send plaintiff, for each defendant in paragraph number 5, above: one USM-285, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.

8. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in paragraph number 5, above, at least:

   a. One completed summons;

   b. One completed USM-285 form;

   c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal; and

   d. One copy of the instant order.

9. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the United States of America within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

10. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

11. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: October 15, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6