Marcos D. Sasso (SBN 228905)
sassom@ballardspahr.com
Tanya Taylor (SBN 312881)
taylortm@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendant
  DISCOVER PRODUCTS INC.,
  erroneously sued herein as DISCOVER
  CARD SERVICES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE HAGAN,<br><br>                              Plaintiff,<br><br>        v.<br><br>BRONISLAVA BOGATOVA, VERA RUDNITSKIY, YAKOV BOGATOV, DISCOVER CARD SERVICES AND DOES 1 THROUGH 20,<br><br>                              Defendants. | Case No. 2:17-cv-1219-MCE-DB<br><br>[Assigned to United States District Judge Morrison C. England, Jr.]<br><br>Magistrate Judge Deborah Barnes<br><br>**NOTICE OF MOTION AND DEFENDANT DISCOVER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**Date:        September 20, 2018**<br>**Time:        2:00 p.m.**<br>**Ctrm:        7, 14th Floor**<br><br>Action Filed:  June 12, 2017 |

DMWEST #17932078 v6

DEFENDANT DISCOVER'S MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 20, 2018, at 2:00 p.m. in Courtroom 7, 14th Floor of the above-entitled Court, located at 501 I Street, Sacramento, California, 95814, the Honorable Morrison C. England, Jr. presiding, Discover Products Inc., erroneously sued as Discover Card Services ("Discover") will and hereby does move this Court for an order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the claims against it.

This motion is made on the grounds that plaintiff Leslie Hagan ("Hagan") fails to state facts sufficient to state a claim against Discover under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a), Violation of Invasion of Privacy; Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent Employees or Agents; Negligent, Wanton, and Intentional Conduct; Unjust Enrichment; Invasion of Privacy; and Conspiracy.

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, all of the papers on file in this action, and such other and further evidence or argument that the Court may consider.

DATED:  August 10, 2018

Respectfully Submitted,
BALLARD SPAHR LLP
MARCOS D. SASSO
TANYA M. TAYLOR


BY:  */s/ Tanya M. Taylor*
Tanya M. Taylor
Attorneys for Defendant
 DISCOVER PRODUCTS INC.,
 erroneously sued herein as
 DISCOVER CARD SERVICES

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................6

II.    STATEMENT OF FACTS ..........................................................................7

III.   ARGUMENT ...............................................................................................8

     A.    Motion to Dismiss Standard.................................................................8

     B.    Hagan's First Claim for Violation of the FCRA Fails as a Matter of Law ...................................................................................................8

     C.    Hagan's Second Claim for Violation of the CCRAA Claim Fails as a Matter of Law for the Same Reasons as the FCRA Claim..........10

     D.    Hagan's State Law Claims Fails because they are Preempted by the FCRA Claim..................................................................................11

     E.    Hagan's Sixth Claim for Violation of the FCRA for Failure to Investigate Fails because it is Duplicative of the First Cause of Action ................................................................................................13

IV.   CONCLUSION .........................................................................................13

1

# TABLE OF AUTHORITIES

2

**Cases**

3
Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ............................................................................8, 11

4
Balistreri v. Pacifica Police Dep't,
  901 F.2d 696 (9th Cir. 1988).....................................................................8

5

6
Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ...................................................................................8

7
Buraye v. Equifax,
  625 F. Supp. 2d 894 (C.D. Cal. 2008) .....................................................12

8
Cisneros v. Trans Union, LLC,
  293 F. Supp. 2d 1167 (D. Haw. 2003) .......................................................9

9

10
El-Aheidab v. Citibank (South Dakota), N.A.,
  No. 2012 WL 506473 (N.D. Cal. Feb. 15, 2012) ....................................12

11

12
Finley v. Capital One,
  No. 16-CV-01392-YGR,
  2017 WL 1365207 (N.D. Cal., Apr. 14, 2017) ......................................6, 9

13

14
Fleischmann v. Care Credit,
  2012 WL 6082893
  (C.D. Cal., Dec. 6, 2012, No. CV 12-08032).........................................12

15

16
Giovanni v. Bank of America, N.A.,
  No. C 12-02530 LB,
  2012 WL 6599681 (N.D. Cal. Dec. 18, 2012) and
  2013 WL 1663335 (N.D. Cal. April 17, 2013)........................................10

17

18
Gorman v. Wolpoff & Abramson, LLP,
  584 F.3d 1147 (9th Cir. 2009)...................................................8, 9, 10, 11

19

20
Grantham v. Bank of Am., N.A.,
  No. CV12-1960 MEJ,
  2012 WL 5904729 (N.D. Cal. Nov. 26, 2012) ........................................12

21

22
Howard v. Blue Ridge Bank,
  371 F. Supp. 2d 1139 (N.D. Cal. 2005) ..............................................7, 11

23
Langan v. United Servs. Auto. Ass'n,
  No. 13-CV-04994-JST,
  2014 WL 4744790 (N.D. Cal. Sept. 23, 2014) .......................................12

24

25
Macpherson v. JP Morgan Chase Bank,
  665 F.3d 45 (2d Cir. 2011)........................................................................12

26
Mann v. Wells Fargo Bank,
  No. C 12-03014 DMR,
  2012 WL 3727369 (N.D. Cal. Aug. 27, 2012) ........................................12

27

28

4

DEFENDANT DISCOVER'S MOTION TO DISMISS

Nelson v. Equifax Info. Servs., LLC,
    522 F. Supp. 2d 1222 (C.D. Cal., 2007) ................................................................. 9

Pacheco v. Citibank (South Dakota), N.A.,
    No. C 07-01276 JSW,
    2007 WL 1241934 (N.D. Cal. Apr. 27, 2007) ..................................................... 12

Sprewell v. Golden State Warriors,
    266 F.3d 979 amended on denial of reh'g,
    275 F.3d 1187 (9th Cir. 2001) ............................................................................... 8

Subhani v. JPMorgan Chase Bank, Nat'l Ass'n,
    No. C 12-01857 WHA,
    2012 WL 1980416 (N.D. Cal. June 1, 2012) ....................................................... 12

W. Mining Council v. Watt,
    643 F.2d 618 (9th Cir. 1981) ................................................................................. 8

**Statutes**

15 U.S.C. § 1681, *et seq* ...................................................................... 6, 9, 10, 11, 12

Cal. Civ. Code § 1785.25(a) ........................................................................... 6, 10

Fed. R. Civ. P. 12(b)(6) .................................................................................. 8, 11

Fed. R. Civ. P. 8(a)(2) ..................................................................................... 8, 11

5

DEFENDANT DISCOVER'S MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Discover Bank, erroneously sued as Discover Card Services ("Discover"), moves to dismiss Plaintiff Leslie Hagan's ("Hagan" or "Plaintiff") Complaint on the grounds that the Complaint, and each claim therein, is misdirected at Discover and fails to state a claim.  Based on the allegations of the Complaint, Plaintiff's dispute at its core is not with Discover; rather, the dispute centers on a family matter between Plaintiff and co-defendants Bronislava Bogatova, Vera Rudnitskiy, and Yakov Bogatov.  Plaintiff alleges reaching a presumably oral agreement with her mother, Bronislava Bogatova, whereby, based on the allegations of the Complaint, Bogatova would open a Discover credit card account (the "Account") and allow Plaintiff to use it.  At some point, there was a disagreement between Plaintiff and her mother, and Bogatova reported her Discover account as fraudulent, and the account was closed.  Plaintiff purports to challenge that conduct but, critically, that conduct alone does not support any claims against Discover—at best, Plaintiff's dispute centers upon her mother's actions vis-à-vis the alleged oral agreement allowing Plaintiff to use Bogatova's Discover account.  Regardless of the merits of *that* dispute, any claims against Discover fail as a matter of fact and law.

Based on the foregoing, Plaintiff's primary claims are for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a).  Both the FCRA and CCRAA claims fail because Hagan not only fails to allege that an actual inaccuracy exists on **her** credit report – because she cannot – but also fails to allege what inaccurate information Discover furnished to any particular credit reporting agency ("CRA").  Finley v. Capital One, No. 16-CV-01392-YGR, 2017 WL 1365207, at *3, (N.D. Cal., Apr. 14, 2017).

Further, Plaintiff asserts six claims grounded in state law – the Third Cause of Action for Invasion of Privacy; Fourth Cause of Action for Negligent, Wanton, and/

or Intentional Hiring and Supervision of Incompetent Employees or Agents; Fifth Cause of Action for Negligent, Wanton, and Intentional Conduct; Ninth Cause of Action for Unjust Enrichment; Fourteenth Cause of Action for Invasion of Privacy[1]; and Sixteenth Cause of Action for Conspiracy, which are all preempted by the FCRA.  Howard v. Blue Ridge Bank, 371 F. Supp. 2d 1139, 1144 (N.D. Cal. 2005). Finally, Hagan's **Sixth** Cause of Action for Violation of the FCRA fails, as it is duplicative of her **First** Cause of Action for Violation of the FCRA.  Accordingly, all claims against Discover fail as a matter of law and should be dismissed.

## II.   STATEMENT OF FACTS

In the Complaint, Hagan sets out allegations centering upon a familial dispute, involving Hagan, her mother and her brother.  Hagan alleges that, pursuant to an oral agreement with her mother, defendant Bronislava Bogatova, in 2008, Hagan opened the Account in her mother's name, and that in exchange for paying the Account, her mother would allow her to use it.  Compl., ¶¶ 32-33, 41.  Hagan's Complaint contains a slew of allegations centered around her familial issues – a call from defendant Yakov Bogatov and Bronslava wishing her a Merry Christmas in December of 2015 (Compl., ¶ 37), allegations that defendant Vera Rudnitskiy tried to destroy her parents' marriage (Compl., ¶ 46), child custody allegations (Compl., ¶ 49), and lies that she was starving her dad (Compl., ¶ 67) – none of which involve Discover.  Compl., ¶ 34.

Plaintiff alleges that at some point, Rudnitskiy and Bogatova allegedly conspired against her, claiming Plaintiff was not permitted to use the Account (Compl., ¶ 38), and that in late May and early June of 2016, Hagan discovered that Bogatova with the help of her son (Yakov) reported to Discover Plaintiff's use of the Account as fraudulent.  Compl., ¶ 59.  Hagan alleges that Discover ultimately

---

[1] Hagan's Fourteenth Cause of Action for Invasion of Privacy is an exact duplicate of the Third Cause of Action for Invasion of Privacy.

DEFENDANT DISCOVER'S MOTION TO DISMISS

1    closed the Account and reversed the challenged charges as fraudulent.  Compl.,

2    ¶ 65.

3        Based on the forgoing, Hagan asserts seventeen causes of action against

4    defendants, nine of which are asserted against Discover.  For the reasons set forth

5    below, this Court should dismiss the Complaint with prejudice as to Discover.

6                 **III.   ARGUMENT**

7    **A.   Motion to Dismiss Standard**

8        To survive a motion to dismiss, a complaint "must contain sufficient factual

9    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

10   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,

11   550 U.S. 544, 555 (2007)).  A complaint does not suffice "if it tenders 'naked

12   assertion[s]' devoid of 'further factual enhancement.'"  Id. (citation omitted).

13   Where "the well-pleaded facts do not permit the court to infer more than the mere

14   possibility of misconduct, the complaint has alleged – but it has not 'show[n] –'that

15   the pleader is entitled to relief.'"  Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

16   Moreover, a court is not required to credit conclusory legal allegations cast in the

17   form of factual allegations, unwarranted deductions of fact, or unreasonable

18   inferences.  Sprewell v. Golden State Warriors, 266 F.3d 979, 985-86 amended on

19   denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); W. Mining Council v. Watt, 643

20   F.2d 618, 624 (9th Cir. 1981).  Accordingly, a Rule 12(b)(6) dismissal is proper

21   where there is either a "lack of a cognizable legal theory" or "the absence of

22   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica

23   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

24   **B.   Hagan's First Claim for Violation of the FCRA Fails as a Matter of**

25         **Law.**

26        Congress enacted the FCRA "to ensure fair and accurate credit reporting,

27   promote efficiency in the banking system, and protect consumer privacy."  Gorman

28   v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (internal

quotation omitted). The FCRA regulates, among other entities, those creditors who "furnish" information to a credit reporting agency ("CRA"). Id. "As it relates to furnishers of information to consumer reporting agencies, the FCRA sets forth two general requirements: the duty to provide accurate information, 15 U.S.C. § 1681s–2(a), and the duty to investigate the accuracy of reported information upon receiving notice of a dispute, § 1681s–2(b)." Cisneros v. Trans Union, LLC, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003). Importantly, there is no private right of action for violation of section 1681s-2(a). See Nelson v. Equifax Info. Servs., LLC, 522 F. Supp. 2d 1222, 1230 (C.D. Cal., 2007) (finding that is no private right of action for violations of 1681s-2(a)).

"To state a claim against a furnisher under section 1681s-2(b) of the FCRA, a plaintiff must allege that an 'actual inaccuracy exists' on her credit report." Finley v. Capital One, No. 16-CV-01392-YGR, 2017 WL 1365207, at *3, (N.D. Cal., Apr. 14, 2017). "Thus, even if a furnisher . . . fails to conduct a reasonable investigation . . . if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fail." Id. (internal quotations omitted). Further, a plaintiff must allege facts indicating that the CRA notified the furnisher of the dispute over the inaccurate information, that the furnisher failed to conduct a reasonable investigation *after* being notified of the alleged inaccuracy by a CRA, and finally, that the furnisher acted willfully or negligently with respect to any purported FCRA violation. Id.

Here, Hagan's FCRA claim fails as a matter of law. Hagan does not – because she cannot – allege that an *actual* inaccuracy exists on **her** credit report, because she is not the primary accountholder. Nor is there a single allegation that an actual inaccuracy exists as to Bronislava's credit report. Moreover, even if an actual inaccuracy existed as to Bronislava's credit report and Hagan had standing to bring this action on her mother's behalf – which she does not – Hagan fails to identify what inaccurate information Discover furnished to any particular CRA. Hagan

DEFENDANT DISCOVER'S MOTION TO DISMISS

simply states that "[w]ithin the past two years, defendant, Discover provided inaccurate information to the credit reporting agencies and to vendors" and that "the Vendors contacted Discover who refused to provide these vendors with accurate information, therefore the vendors still refused to do business with [Hagan]." Comp., ¶¶ 71-72.  Plaintiff also does not allege that a credit bureau actually notified Discover of a dispute; again, Section 1681s-2(b) is triggered only when a credit bureau notifies the furnisher of a dispute.  See 15 U.S.C. § 1681s-2(b)(1); Gorman, 584 F.3d at 1154 ("[N]otice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).").  Finally, the allegations confirm that, even if Plaintiff had satisfied the first two prongs of a Section 1681s-2(b) claim, Discover did in fact conduct an investigation (see Compl., ¶ 63) at the direction of the cardholder, Bronislava, and ultimately found the account to be fraudulent, closed the account, and reversed the charges.  Compl., ¶ 65.

Accordingly, the First Cause of Action for Violation of the FCRA fails as a matter of law and should be dismissed.

**C.    Hagan's Second Claim for Violation of the CCRAA Claim Fails as a Matter of Law for the Same Reasons as the FCRA Claim.**

Hagan's CCRAA fails for the same reasons as the FCRA claim.  Section 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Cal. Civ. Code § 1785.25(a).  District courts have recognized that "[e]xcept for their standing provisions, the FCRA and CCRAA are substantially similar" and the CCRAA's requirements "mirror those found in the FCRA."  See Giovanni v. Bank of America, N.A., No. C 12-02530 LB, 2012 WL 6599681 at *7 (N.D. Cal. Dec. 18, 2012) and 2013 WL 1663335 at*8 (N.D. Cal. April 17, 2013) (granting defendant's motion to dismiss the CCRAA claim for the same reasons as those supporting dismissal of the FCRA claim).

Here, as with her FCRA claim, Hagan makes only conclusory and boilerplate allegations that Discover negligently and willfully furnished information to certain "vendors" that it knew or should have known was inaccurate.  Comp., ¶ 80.  Critically, Hagan fails to allege that an actual inaccuracy exists on **her** credit report and fails to identify what inaccurate information Discover furnished to any particular CRA (as opposed to a generic "vendor").  As such, Hagan's CCRAA claim fails because such "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 1949.  Accordingly, Hagan's Second Cause of Action fails to satisfy the Rule 8(a) pleading threshold and should be dismissed pursuant to Rule 12(b)(6).

### D.   Hagan's State Law Claims Fails because they are Preempted by the FCRA Claim

Hagan's state law claims are preempted by the FCRA.  To ensure uniform federal regulation of furnishers, Congress included preemption provisions in the FCRA.  See, e.g., Gorman, 584 F.3d at 1165-66.  Congress did so to avoid exposing furnishers of credit information to "different liabilities . . . depending on the state of suit."  Howard v. Blue Ridge Bank, 371 F. Supp. 2d 1139, 1144 (N.D. Cal. 2005).  Section 1681t(b)(1)(F) states that "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  Thus,  Section 1681t(b)(1)(F) preempts any state-law claim that implicates the duty of a furnisher to transmit accurate credit information to a CRA and to investigate consumer disputes.  See 15 U.S.C. § 1681t(b)(1)(F).

Section 1681h(e) of the FCRA prohibits consumers from bringing claims in the nature of defamation, invasion of privacy or negligence against furnishers regarding "the reporting of information" unless a plaintiff can prove that the

information was "furnished with malice or willful intent to injure."  See 15 U.S.C. § 1681h(e).  California courts have repeatedly interpreted Section 1681(b)(1)(F) to preempt state law claims based on the responsibilities of furnishers.  See, e.g., Langan v. United Servs. Auto. Ass'n, No. 13-CV-04994-JST, 2014 WL 4744790, at *13 (N.D. Cal. Sept. 23, 2014); Fleischmann v. Care Credit, 2012 WL 6082893, at *3 (C.D. Cal., Dec. 6, 2012, No. CV 12-08032) (citing Macpherson v. JP Morgan Chase Bank, 665 F.3d 45, 47-48 (2d Cir. 2011)); Grantham v. Bank of Am., N.A., No. CV12-1960 MEJ, 2012 WL 5904729, at *5 (N.D. Cal. Nov. 26, 2012); Mann v. Wells Fargo Bank, No. C 12-03014 DMR, 2012 WL 3727369, *4 (N.D. Cal. Aug. 27, 2012); Subhani v. JPMorgan Chase Bank, Nat'l Ass'n, No. C 12-01857 WHA, 2012 WL 1980416, at *9 (N.D. Cal. June 1, 2012); Buraye v. Equifax, 625 F. Supp. 2d 894, 899 (C.D. Cal. 2008); see also El-Aheidab v. Citibank (South Dakota), N.A., No. 2012 WL 506473, *7 (N.D. Cal. Feb. 15, 2012); Pacheco v. Citibank (South Dakota), N.A., No. C 07-01276 JSW, 2007 WL 1241934, *2 (N.D. Cal. Apr. 27, 2007).

Here, aside from Hagan's CCRA claim, she asserts six claims grounded in state law – Hagan's Third Cause of Action for Invasion of Privacy; Fourth Cause of Action for Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent Employees or Agents; Fifth Cause of Action for Negligent, Wanton, and Intentional Conduct; Ninth Cause of Action for Unjust Enrichment; Fourteenth Cause of Action for Invasion of Privacy[2]; and Sixteenth Cause of Action for Conspiracy.  In addition to the fact that Hagan's state-law claims lack any substantial factual support to assert any claims against Discover, they all arise from an alleged furnisher's obligations under 1681s-2(a) of the FCRA which provides the sole basis for a private right of action against furnishers of credit information. Therefore they are all expressly preempted by 15 U.S.C. § 1681t(b)(1)(F).

---

[2] Hagan's Fourteenth Cause of Action for Invasion of Privacy is an exact duplicate of the Third Cause of Action for Invasion of Privacy.

1   Accordingly, all of Hagan's state-law claims should be dismissed as a matter of law.

2      **E.   Hagan's Sixth Claim for Violation of the FCRA for Failure to**

3            **Investigate Fails because it is Duplicative of the First Cause of Action.**

4      Hagan's Sixth Claim for Violation of the FCRA is duplicative of her First

5   Claim for Violation for the FCRA.  As outlined above, Hagan fails to allege that an

6   actual controversy exists on **her** credit report, fails to identify what inaccurate

7   information Discover furnished to any particular CRA, fails to allege that Discover

8   received notice of a dispute from a CRA and failed to conduct a reasonable

9   investigation.  Accordingly, Hagan's Sixth Claim fails as a matter of law.

10                **IV.    CONCLUSION**

11      For the reasons above states, Discover respectfully requests that the Court

12   grant its motion to dismiss the Complaint.

13   DATED:  August 10, 2018          Respectfully Submitted,
                                       BALLARD SPAHR LLP

14                                       MARCOS D. SASSO
                                       TANYA M. TAYLOR

15

16

17                               BY: /s/ Tanya M. Taylor
                                    Tanya M. Taylor

18                       Attorneys for Defendant
                                     DISCOVER PRODUCTS INC.,

19                       erroneously sued herein as
                                       DISCOVER CARD SERVICES

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of August, 2018, a copy of the foregoing **DEFENDANT DISCOVER'S MOTION TO DISMISS** was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

Leslie Hagan                                    Pro Se Plaintiff
5325 Elkhorn Blvd., 3286
Sacramento, CA 95842

_Debra A. Smith_
Debra A. Smith

1

DEFENDANT DISCOVER'S MOTION TO DISMISS