1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  LESLIE HAGAN,                          No. 2:17-cv-1219 MCE DB PS
12                 Plaintiff,
13        v.
14  BRONISLAVA BOGATOVA, et al,            FINDINGS AND RECOMMENDATIONS
15                 Defendants.
16
17        Plaintiff Leslie Hagan is proceeding pro se. The case has been referred to the undersigned
18  pursuant to Local Rule 302(c)(21). Pending before the undersigned is a motion to dismiss
19  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant Discover
20  Products Inc., ("Discover"). (ECF No. 20.) For the reasons stated below, the undersigned finds
21  that defendant's motion to dismiss should be granted and plaintiff's complaint dismissed without
22  leave to amend.
23                                **BACKGROUND**
24        Plaintiff, proceeding pro se, commenced this action on June 12, 2017, by filing a
25  complaint and motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) The complaint alleges, in
26  relevant part, that plaintiff's mother—Bronislava Bogatova—asked plaintiff to open a credit card
27  ////
28  ////

                                           1

account with the defendant in Bogatova's name. (Compl. (ECF No. 1) at 5-6.[1]) Plaintiff did and Bogatova agreed that plaintiff "could use her credit cards as long as she wanted to so long as she paid the bill." (Id. at 6-7.)

In "late May and early June of 2016" plaintiff learned that "fraudulent fraud allegations" had been filed against plaintiff with defendant "Discover Card Services[.]" (Id. at 7.) Specifically, Bogatova "claimed that plaintiff had stolen her identity and that was how she became an authorized user on her credit card accounts." (Id. at 22.) Defendant then refused "to do a competent investigation[] and refuse[] any of Plaintiff's evidence by saying that it would not make any difference in their investigations." (Id. at 7.)

Thereafter, defendant "reversed all the charges to the vendors as fraudulent" causing plaintiff financial and emotional harm. (Id.) Specifically, defendant "had the charges reverse[d] for payment that had been made on the plaintiff's behalf to PayPal Services, State wide Storage, Pax Programs, Spring Corporation," and others. (Id. at 34.)

Based on these allegations the complaint alleges that the defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the California Consumer Credit Reporting Agencies Act, ("CCRAA"), California Civil Code § 1785.25(a), invasion of privacy, "negligent, wanton, and/or intentional hiring and supervision of incompetent employees," "negligent, wanton, and intentional conduct," unjust enrichment, and conspiracy. (Compl. (ECF No. 1) at 10-33.)

On October 16, 2017, the undersigned issued an order granting plaintiff's motion to proceed in forma pauperis and permitting service on defendant Discover.[2] (ECF No. 3.) Defendant filed the pending motion to dismiss on August 10, 2018. (ECF No. 14.) Plaintiff filed an opposition on September 7, 2018. (ECF No. 18.) Defendant filed a reply on September 28, 2018. (ECF No. 19.)

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] The other potential defendants identified in the complaint were dismissed with plaintiff's consent. (ECF No. 3 at 7.)

**STANDARDS**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

**I.    FCRA & CCRAA**

Plaintiff's complaint purports to assert two separate claims pursuant to the FCRA, and a claim pursuant to § 1785.25(a) of the CCRAA, against defendant Discover. (Compl. (ECF No. 1) at 10, 13, 18.) The goal of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). The

> FCRA imposes a number of procedural requirements on consumer reporting agencies to regulate their creation and use of consumer reports. The statute gives consumers affected by a violation of such requirements a right to sue the responsible party, including the right to sue (and to recover statutory damages) for willful violations even if the consumer cannot show that the violation caused him to sustain any actual damages.

Robins v. Spokeo, Inc., 867 F.3d 1108, 1110-11 (9th Cir. 2017).

And California Civil Code § 1785.25(a) provides:

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

"[B]ecause the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 889 (9th Cir. 2010) (quoting Olson v. Six Rivers Nat'l Bank, 111 Cal.App.4th 1, 3 (2003)). To allege a violation of §1785.25(a) the plaintiff must allege that the credit reporting agency ("CRA") furnished information that was patently incorrect or materially misleading. Id. at 890.

////

Here, however, the complaint is not actually asserting that defendant reported any inaccurate information on plaintiff's credit report. And plaintiff's opposition expressly acknowledges that "THERE ARE NO INACCURACIES ON PLAINTIFF'S CREDIT REPORT." (Pl.'s Opp.'n (ECF No. 18) at 4) (emphasis in original). Nor is plaintiff alleging that plaintiff had an account with the defendant or that the defendant failed to conduct any investigation into plaintiff's claims.

Instead, as stated above, the complaint alleges that plaintiff and plaintiff's mother—Bronislava Bogatova—entered into an agreement whereby plaintiff could use Bogatova's "Credit Discover . . . credit card[] in exchange for helping" Bogatova pay other financial obligations. (Compl. (ECF No. 1) at 6.) "Then in late May, 2016, early June 2016, Plaintiff discovered that fraudulent charges were filed against her with Discover," by Bogatova, claiming that Bogatova "never knew that she had ever had . . . a Discover Credit card, and just now discovered that [plaintiff] without her knowledge opened those credit cards." (Id. at 7, 9.) "Plaintiff never expect[ed] such behavior from her own mother especially when she helped her so much in the past." (Id. at 9.)

Plaintiff complains that defendant conducted an investigation and "reversed all the charges to the vendors as fraudulent," which was "extremely embarrassing[.]" (Id.) Moreover, defendant refused to "return all of [the] money and the interest that she paid to Discover Card Services while using Discover Credit Card" because defendant had determined that the charges "were fraudulent." (Id. at 10.)

In summary, plaintiff has alleged that plaintiff's mother allowed plaintiff to use the Discover credit card provided plaintiff paid her mother for the charges. Plaintiff's mother later reported plaintiff's use as fraudulent. Defendant investigated the complaint of its customer, and reversed the charges. Even accepting plaintiff's allegations as true, the complaint does not allege that the defendant violated the FCRA or CCRAA in any way, e.g., through inaccurate reporting, a failure to investigate, etc.

Instead, plaintiff simply disagrees with defendant's decision to reverse the vendors' charges after defendant's customer complained that the charges were the result of fraud, and with

5

defendant's refusal to pay plaintiff money that plaintiff alleges she paid her mother to pay the defendant. Those allegations, however, are not violations of the FCRA or the CCRAA.

Moreover, plaintiff's opposition argues that "although the Defendant . . . received a direct dispute from consumer, Bronislava Bogatova, instead of conducting an investigation it contact all of the Plaintiff vendors and had all the charges reversed[.]" (Pl.'s Opp'n (ECF No. 18) at 4.) The FCRA's "duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009).

Accordingly, the complaint's FCRA and CCRAA claims should be dismissed. See Shaw v. Experian Information Solutions, Inc., 891 F.3d 749, 756 (9th Cir. 2018) ("to sustain either a § 1681e or a § 1681i claim, a consumer must first make a prima facie showing of inaccurate reporting by the CRA"); Guimond v. Trans Union Credit Information Co., 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."); Finley v. Capital One, Case No. 16-cv-1392 YGR, 2017 WL 1365207, at *3 (N.D. Cal. Apr. 14, 2017) ("to state a claim against a furnisher under section 1681s-2(b) of the FCRA, a plaintiff must allege that an 'actual inaccuracy exists' on her credit report").

## II. Remaining State Law Claims

As noted above, the complaint also asserts state law claims for the invasion of privacy, "negligent, wanton, and/or intentional hiring and supervision of incompetent employees," "negligent, wanton, and intentional conduct," unjust enrichment, and conspiracy. (Compl. (ECF No. 1) at 10-33.) These claims are based on the same conduct addressed above, i.e., defendant's decision to reverse vendor charges. (Id. at 14, 16, 23, 29.)

However, "'[t]he FCRA contains two preemption sections restricting state law claims that apply to persons who furnish information under the FCRA.'" Buraye v. Equifax, 625 F.Supp.2d 894, 897 (C.D. Cal. 2008) (quoting Woods v. Protection One Alarm Monitoring, Inc., 628 F.Supp.2d 1173, 1181 (E.D. Cal. 2007)).

First, 15 U.S.C. § 1681h(e) states:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

"[T]his provision "only preempts state claims for defamation, invasion of privacy and negligence and only to the extent such claims are based on the disclosure of certain types of information and are not based on malice or willful intent to injure.'" Buraye, 625 F. Supp. 2d at 897-98 (quoting Weseman v. Wells Fargo Home Mortg., Inc., No. CV 06-1338 ST, 2008 WL 542961, at *2 (D. Or. Feb. 22, 2008)).

Under the second and broader preemption provision, the "FCRA provides that '[n]o requirement or prohibition may be imposed under the laws of any State . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies.'" Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 888 (9th Cir. 2010) (quoting 15 U.S.C. § 1681t(b)(1)(F)).

While the Ninth Circuit has not clearly addressed the issue, most district courts in this circuit have found that the FCRA preempts "common law causes of action that would impose any 'requirement or prohibition' on the furnishers of credit information."[3] Roybal v. Equifax, 405 F.Supp.2d 1177, 1181 (E.D. Cal. 2005) (quoting 15 U.S.C. § 1681t(b)(1)(F)); see also Benge v. CB Indigo, Case No. 2:18-cv-2393 ODW, 2019 WL 266965, at *3 (C.D. Cal. Jan. 18, 2019) ("Because Plaintiff's state law claims relate to Defendants' responsibilities as furnishers of credit information under § 1681s-2, the FCRA expressly preempts Plaintiff's state law causes of action."); Espinoza v. Hunt & Henriques, Attorneys at Law, Case No. 18-cv-2752 NC, 2018 WL

---

[3] Plaintiff's claim pursuant to § 1785.25(a) of the CCRAA discussed above is expressly "not preempted by the FCRA." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1173 (9th Cir. 2009).

6330895, at *3 (N.D. Cal. 2018) ("Although the Ninth Circuit has not directly addressed FCRA preemption of state common law claims, district courts in the Ninth Circuit have held that the FCRA totally preempts all state common law causes of action."); Kianpour v. Wells Fargo Bank, N.A., Case No. CV 17-01757 SJO (GJSx), 2017 WL 8292775, at *4 (C.D. Cal. May 30, 2017) ("plain language of section 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers of information").

The undersigned finds these decisions persuasive and, therefore, recommends that the complaint's remaining state law causes of action be dismissed as preempted.

**III.     Leave to Amend**

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend. Therefore, the undersigned will recommend that plaintiff not be granted leave to amend.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's August 10, 2018 motion to dismiss (ECF No. 14) be granted;

2. The June 12, 2017 complaint be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/hagan1219.mtd.f&rs